

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00106-CR

---

STAAR MONIQUE DOMINGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 69th District Court
Moore County, Texas
Trial Court No. 6072, Honorable Kimberly Allen, Presiding

---

September 17, 2024

## ORDER OF ABATEMENT AND REMAND

### Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Staar Monique Dominguez, appeals from the trial court's judgment revoking her community supervision for the offense of possession of a controlled substance[1] and sentencing her to twenty-four months of confinement in a state jail facility. Appellant's brief was originally due May 23, 2024, but we granted Appellant's counsel three extensions to file a brief. By letter of August 2, 2024, we admonished counsel that

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).

no further extensions would be granted and that failure to file a brief by August 23 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. To date, Appellant's counsel has not filed a brief or had any further communication with this Court.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

(1)     whether Appellant still desires to prosecute the appeal;

(2)     whether Appellant is indigent;

(3)     if Appellant is not indigent, whether Appellant has made the necessary arrangements for filing a brief;

(4)     why a timely appellate brief has not been filed on Appellant's behalf;

(5)     whether Appellant's counsel has abandoned the appeal;

(6)     whether Appellant has been denied the effective assistance of counsel;

(7)     whether new counsel should be appointed; and

(8)     if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by October 17, 2024. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint her new

2

counsel; the name, address, email address, telephone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before October 8, 2024, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.